UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:10-cr-332-T-33EAJ

AHMAD MCCASLIN

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Ahmad McCaslin's pro se Motion for Compassionate Release (Doc. # 70, 71), filed on August 4, 2020. The United States responded on August 28, 2020. (Doc. # 74). For the reasons set forth below, the Motion is denied without prejudice.

**I.  Background**

In June 2012, the Court sentenced McCaslin to 240 months' imprisonment for conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine. (Doc. # 45). McCaslin is 37 years old and his projected release date from Edgefield FCI is August 24, 2027. (Doc. # 74 at 2).

In the Motion, McCaslin seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his other medical

1

conditions. (Doc. # 70, 71). McCaslin also requests that he be appointed counsel (Doc. # 71 at 4). The United States has responded. (Doc. # 74). The Motion is ripe for review.

II. **Discussion**

The United States argues that the Motion should be denied (1) because McCaslin has failed to exhaust his administrative remedies and (2) on the merits. (Doc. # 74 at 1). The Court agrees with the United States that McCaslin has failed to exhaust his administrative remedies.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). McCaslin argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate

2

release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, McCaslin alleges that he has exhausted his administrative remedies. (Doc. # 70). However, McCaslin includes no evidence that he has submitted a request for compassionate release to the warden of his facility or the date of such a request. (Id.). Furthermore, "the BOP does not have any record of any such request being submitted to the warden of the institution where McCaslin is incarcerated." (Doc. # 74 at 9).

Thus, McCaslin has not "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of his facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust

3

administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief."); <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020) ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added – and critical – importance."). Therefore, the Motion is denied without prejudice. See <u>United States v. Miller</u>, No. 2:16-cr-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prisons' administrative appeals process.").

While McCaslin's concerns about the COVID-19 pandemic are understandable, the Court notes several measures that have been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result

4

of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Because the Court finds that McCaslin's Motion must be denied, his request for appointment of counsel is also denied. See United States v. Bryant, No. cr-416-345, 2020 WL 4939119, at *2 (S.D. Ga. August 24, 2020) (denying request for appointment of counsel as moot following denial of motion for compassionate release).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Ahmad McCaslin's pro se Motion for Compassionate Release (Doc. # 70, 71) is **DENIED** without prejudice for failure to exhaust administrative remedies.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of September, 2020.

*[Signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE