UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:10-cr-00332-VMC-EAJ

AHMAD MCCASLIN

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Ahmad McCaslin's pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 85), filed on July 13, 2024, and his two pro se Supplemental Motions (Doc. ## 95, 96), filed on August 24 and November 19, 2024. The United States of America responded to the Motion for Sentence Reduction on August 15, 2024. (Doc. ## 91, 92). For the reasons set forth below, the Motions are denied.

**I.  Background**

On June 7, 2012, the Court sentenced Mr. McCaslin to 240 months' imprisonment for conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine. (Doc. # 45). Mr. McCaslin is 42 years old, and his projected release date is September 23, 2026. See Bureau of Prisons' Inmate Locator at https://www.bop.gov/inmateloc/ (last visited June 5, 2025).

Mr. McCaslin first moved for compassionate release on August 4, 2020. (Doc. ## 70, 71). The Court denied his pro se motion without prejudice on September 14, 2020, finding that Mr. McCaslin had failed to exhaust administrative remedies. (Doc. # 75). The Court subsequently denied his construed motion for reconsideration on the grounds that Mr. McCaslin still had not demonstrated exhaustion of remedies or, alternatively, had failed to allege extraordinary and compelling reasons for release. (Doc. # 77).

Mr. McCaslin again seeks compassionate release from prison under Section 3582(c)(1)(A). (Doc. # 85). In his Motion for Reduction, he argues that compassionate release is warranted based on his medical conditions – prediabetes and high blood pressure – and an unusually long sentence. (Id. at 15). Mr. McCaslin then details his rehabilitative efforts in his first Supplemental Motion. (Doc. # 95). In his second Supplemental Motion, he submits his release plan. (Doc. # 96). The United States has responded (Doc. ## 91, 92), and the Motions are ripe for review.

## II. Discussion

The United States argues that the Motion for Reduction should be denied because Mr. McCaslin has failed to exhaust administrative remedies, or, alternatively, because Mr.

McCaslin has not demonstrated an extraordinary and compelling reason for compassionate release, he is a danger to the community, and the Section 3553(a) factors weigh against a sentence reduction. (Doc. # 91).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical

circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-cr-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

For purposes of this Motion, the Court gives Mr. McCaslin the benefit of the doubt and assumes that he has exhausted his administrative remedies. In turning to the merits, the Court denies the Motions for the reasons stated below. First, Mr. McCaslin claims only in passing that he has prediabetes and high blood pressure. However, neither of those – alone or combined – are terminal illnesses. And he does not allege that he is unable to provide self-care while in prison due to those conditions, or that he is unable to obtain adequate medical treatment when issues arise. Therefore, the medical circumstances delineated in U.S.S.G § 1B1.13(b)(1) are not applicable.

Mr. McCaslin also argues that his sentence is unusually long because he would not have received the mandatory minimum if sentenced under current law, and accordingly requests to be released on time served. (Doc. # 85 at 15). However, even if Mr. McCaslin were to establish that his sentence is unusually long and that it constitutes an extraordinary and

4

compelling reason for compassionate release, he has not established that the Section 3553(a) factors favor release or that he would not pose a danger to the community. See <u>United States v. Perez</u>, No. 24-10936, 2024 WL 4534427, at *1 (11th Cir. Oct. 21, 2024) ("A district court may reduce a prisoner's sentence under § 3582(c)(1)(A) only 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' regardless of whether the prisoner meets the other statutory criteria.").

Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. § 1B1.13(2), and that the Section 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public, reflects the seriousness of the crime, considers the history and characteristics of the defendant, and the nature and circumstances of the offense. 18 U.S.C. § 3553(a).

The Court agrees with the United States that Mr. McCaslin's release would pose a danger to the community. (Doc. # 91 at 22). Mr. McCaslin distributed more than five kilograms of cocaine and cocaine base to others known to also be in the business of distributing cocaine and cocaine base. (<u>Id.</u> at 1-

2). This crime was even more serious because it was not Mr. McCaslin's first. In fact, he had a prior conviction for a felony drug offense, as well as other offenses, including the violent crime of aggravated battery on a law enforcement officer - great bodily injury. (Id. at 2, 22-23; Doc. # 92-2 at 8-12). Mr. McCaslin's history of violating his probation conditions further weighs against release. (Doc. # 92-2 at 9-10).

While the Court commends Mr. McCaslin for his efforts at rehabilitation, such as earning his GED (Doc. # 95), it is not enough to tip the scales in favor of release. Contrary to Mr. McCaslin's assertion that he "has maintained clear conduct" (Id. at 1), the United States notes that "he has [had] three sanctioned incidents during his incarceration, to include testing positive for alcohol in 2016." (Doc. # 91 at 23). Therefore, the Court agrees with the United States that Mr. McCaslin's disciplinary record while in prison reflects a continued inability to conform to community standards. (Id.).

The Court finds that Mr. McCaslin's criminal history, disciplinary record, the nature of the offense, and the overarching need to protect the public, promote respect for

6

the law, and deter future criminal conduct collectively weigh against release at this juncture.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Ahmad McCaslin's pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 85) is **DENIED.**

(2) Mr. McCaslin's first pro se Supplemental Motion (Doc. # 95) is **DENIED.**

(3) Mr. McCaslin's second pro se Supplemental Motion (Doc. # 96) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of June, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7